Alabama.
1    100
121  212

## MORDECAI & WANROY V. TANKERSLY.

1. In an action by Trustees to recover possession of land conveyed to them by the trust deed, the *cestui que trust* canot prove mismanagement of the trust and impropriety of conduct on the part of the Trustees, to prevent a recovery or invalidate the deed.
2. A fraud which will vacate a deed in a Court of law, must relate to the execution of the deed.

Error to the Circuit Court of Mobile County.

THIS was an action of trespass to try title to a lot of ground in the city of Mobile, brought by the plaintiffs in error against the defendant.

The defendant on the plea of not guilty, obtained a verdict.

On the trial in the Court below, a bill of exceptions was taken, which disclosed that the plaintiffs offered in evidence, a deed executed by the defendant and his wife, to the plaintiffs, for the lot in controversy and other property, in trust, that they should sell and dispose of so much of the property conveyed by said deed, as would be necessary to pay off and discharge the debts of the said Tankersly, and to provide support and maintenance for said Tankersly, his wife and children, and proved by witness, that at the time of its execution by the defendant he was sober, and capable of managing and disposing of his property. This and other deeds having the same object between the same parties, were duly acknowledged and recorded in the office of the clerk of the county court of Mobile county; and also proved that the defendant was in possession of the premises sued for at the institution of the suit. The defendant, to impeach the validity of the deed, offered to prove that the plaintiff, Wanroy, lived with the defendant long before and at the time of the execution of the said deed of trust, that he was very intimate with Mrs.

Tankersly, and caused the separation of her and her husband; that on the night of June, 1835, the plaintiff, Wanroy, and the defendant had a quarrel; that the said Wanroy caused the defendant to be taken to the guard house; and that in the night, Mrs. Tankersly left the house of the defendant for the country, and the said Wanroy followed her the next day; that he has boarded at her house, with the exception of a short time, ever since; and that she and her husband have not lived together since that time. To the introduction of this testimony, the plaintiff, by his counsel, objected; but the Court permitted the same to go to the jury.

To attack the validity of the said deed of trust, the defendant also offered to prove the value of the property therein conveyed; its annual rents; the situation and wants of the defendant, since the execution of the said deed of trust; and also the neglect of the trustees in fulfilling the object of the said trust. This testimony was also objected to by the plaintiffs' counsel; but the objection was overruled, and the evidence admitted.

The defendant, to attack the validity of the said deed, offered to prove, by the accounts of the trustees rendered annually to the Court, in pursuance of the statute, and by witnesses, that the plaintiff, Wanroy, had expended large sums of money, for and on account of Mrs Tankersly, but had not paid one cent for, or towards the support and maintenance of the defendant. To the introduction of this testimony, the plaintiff objected; but the objection was overruled, and the testimony permitted to go to the jury.

The defendant also read the answer of Wanroy, to a bill of complaint exhibited against him by the defendant, to show that at the time of the execution of said deed, the defendant was not capable of managing his property.

To the admission of the testimony, as set out in the bill of exceptions, the plaintiff excepted and now assigns the same as error.

CAMPBELL, for the plaintiffs in error.
GAYLE, contra.

ORMOND, J.—The plaintiffs having produced and read to the jury, a deed from the defendant to the premises in question, to impeach its validity, the defendant was permitted to introduce testimony tending to establish the fact that the trust to secure the performance of which, the deed was made, had not been executed in good faith by the plaintiffs. Also, evidence from which it appears to have been designed to deduce an improper intimacy between Wanroy, one of the plaintiffs, and the wife of the defendant. The object of this testimony seems to have been, to invalidate the deed for fraud; and there is no doubt that a deed may be vacated in a court of law for fraud; but the fraud must go to the *execution* of the deed, otherwise it would not be cognizable in a court of law.

This question was much discussed in this Court, in the case of Swift v. Fitzhugh; and in delivering their opinion, the Court say "If a deed be obtained by duress or by false and fraudulent practices, as if it be falsely read to the party, or he be induced to execute it while in a fit of drunkenness, such deed has no legal existence," and though free from the vices just specified, it may be so wholly false and fraudulent, as to be void both at law and in equity." (See the case, 9th Porter 63: See also, Taylor v. King, 6 Munford, 366.)

It is most obvious, that the facts which were admitted to go to the jury, did not relate to the execution of the deed, and could have no other effect, that we can perceive, than to mislead the jury. It is too plain a principle to require authority or illustration, that if the deed was valid in its inception, it could not be rendered invalid in a court of law by matter arising *ex post facto.*

Let the judgment be reversed and the cause remanded.