196 So. 875

### FULLER et al. v. SCARBOROUGH.
2 Div. 152.

Supreme Court of Alabama.
May 16, 1940.

Rehearing Denied June 27, 1940.

682

Caesar B. Powell, of Birmingham, for appellants.

Ira D. Pruitt and Geo. O. Miller, both of Livingston, for appellee.

THOMAS, Justice.

The appeal is from the ruling on demurrer.

We have carefully examined the amended pleading and are of the opinion that the trial court has acted within the rule of Morgan v. Gaiter, 202 Ala. 492, 80 So. 876, 878, so well stated by Mr. Justice Gardner, as follows:

" 'Fraud, as understood and denounced in equity, includes all acts, omissions, or concealments, which involve a breach or lack of equitable duty, trust, or confidence, justly reposed, which will be injurious to another, or by which an undue or unconscientious advantage is taken of another.' Kennedy v. Kennedy, 2 Ala. 571.

"That the averments of the bill are sufficient to justify the cancellation of these instruments upon the ground of fraud is, we think, too clear for further discussion. Pomeroy's Eq.Jur. vol. 2, §§ 927, 928; Noble's Adm'r v. Moses Bros., 81 Ala. 530, 1 So. 217, 60 Am.Rep. 175; 1 Story's Eq. Jur. 328; Code 1907, § 4299; 12 R.C.L. 311."

It is insisted that an action of ejectment was a remedy in such case. Such remedy in a law court would not apply for the reasons well stated by Mr. Justice Somerville in Davidson v. Brown et al., 215 Ala. 205, 110 So. 384, 385, as follows:

" * * * the fraud going to the consideration and inducement only, and the instrument being voidable merely—equity will intervene to declare a rescission of the contract and the surrender and cancellation of the deed, or a reconveyance of the property, regardless of complainant's want of possession. Shipman v. Furniss, 69 Ala. 555, 562, 563, 44 Am.Rep. 528; Hafer v. Cole, 176 Ala. 242, 249, 57 So. 757; Baker v. Maxwell, 99 Ala. 558, 14 So. 468.

"In such a case there is no remedy by ejectment at law, because fraud not going to the execution of the deed, as by misreading it to the grantee, or misrepresenting its contents, or the like, is not available in a court of law to nullify the deed, and rescission by the vendor, though effective in other respects, does not revest in him the title to land once fully vested in the purchaser. Swift v. Fitzhugh, 9 Port. 39, 63, 64; Mordeca v. Tankersly, 1 Ala. 100; Giles v. Williams, 3 Ala. 316, 317, 37 Am. Dec. 692; Costillo v. Thompson, 9 Ala. 937, 946; Thompson v. Drake, 32 Ala. 99, 103; 18 Corp.Jur. 'Deeds,' 227, 228, § 147, citing numerous authorities. This principle seems to have been recognized in Brown v. Hunter, 121 Ala. 210, 212, 25 So. 924, where the foregoing cases are cited."

It results from the foregoing that the decree of the circuit court should be affirmed. It is so ordered.

Affirmed.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.