199 So. 813
### BELL v. TENNESSEE COAL, IRON & R. CO.
### 6 Div. 699.

Supreme Court of Alabama.
Jan. 16, 1941.

Dan Trawick, Jr., of Birmingham, for petitioner.

Benners, Burr, McKamy & Forman, of Birmingham, for respondent.

LIVINGSTON, Justice.

Suit by petitioner, Mary Alice Jenkins Bell against the Tennessee Coal, Iron and Railroad Company, under the Workmen's Compensation Act, Code 1923, § 7534 et seq., for the death of her alleged husband, Hardy Bell, in the course of his employment. Judgment was rendered in favor of defendant, Tennessee Coal, Iron and Railroad Company, hence this petition.

The record shows that the deceased employee, Hardy Bell, was lawfully married to Eugenia Roberts on March 26, 1924, under a license issued by the Probate Court of Jefferson County,—the ceremony being performed the same day by a duly authorized minister; and that such marriage has never been dissolved by divorce, notwithstanding the said Eugenia Roberts Bell has since married, under license issued by the Probate Court of Jefferson County, one Roosevelt Brown, with whom she lives. It is shown that divorce proceedings were instituted in August, 1936, in the Jefferson Chancery Court by Eugenia Roberts Bell against Hardy Bell, but dismissed for want of prosecution.

It appears that petitioner Mary Alice Jenkins Bell and the deceased Hardy Bell lived together from March 1, 1937, until his death, and it is insisted that such cohabitation constitutes a common-law marriage.

The sole question, therefore, here for consideration is whether or not Hardy Bell was legally capacitated to contract marriage with Mary Alice Jenkins in view of his previous legal ceremonial marriage to Eugenia Roberts Bell Brown?

"Though a man marries ever so often, he can have but one lawful wife living. So long as she is living, and the marriage bond remains in full force, all his subsequent marriages, whether meretricious, or founded in mistake and at the time supposed to be lawful, are utterly null and void." Martin's Heirs v. Martin, 22 Ala. 86; 14 Alabama Digest, Marriage, ⊱11, page 128; United States v. Barker, 5 Cir., 70 F.2d 1002. See, also, Hines v. Hines, 203 Ala. 633, 84 So. 712; Woodward Iron Co. v. Bradford, 206 Ala. 447, 448, 90 So. 803.

A common-law marriage having been shown, the law presumes its validity, and casts the burden upon him who questions it to establish its invalidity. However, this burden has been fully met by defendant in the court below. And, as found by the trial judge, Mary Alice Jenkins (Bell) would be entitled to compensation as the widow of Hardy Bell except for the fact that said Hardy Bell was legally incapacitated to contract marriage by reason of his undissolved marriage to Eugenia.

The said Eugenia Roberts Bell Brown testified: "I knew he had lived in Ensley

424

from one place to another, since we separated. I lived there and he lived there. I did not miss a week seeing him, and he would give me money. * * * We never got a divorce." It appears from the evidence that Hardy Bell lived in Jefferson County, Alabama, from March 26, 1924 (the date of his marriage to Eugenia Roberts), until the time of his death; and it further appears that the records of Jefferson County show that no divorce was ever granted dissolving the marriage of Hardy Bell and Eugenia Roberts Bell Brown.

As said by Judge Freeman in his note to Pittinger v. Pittinger, 28 Colo. 308, 64 P. 195, 89 Am.St.Rep. 193: "The presumption of the dissolution of a prior marriage, whether by death or divorce, should be indulged with caution. We apprehend that such presumptions sometimes have been made with very little justification. A rule of law which allows an artificial or technical force to be given evidence which warrants such presumptions, beyond its natural tendencies to convince the mind, and requires courts and juries to presume as true that which is false, cannot but be fraught with dangerous consequences. In case there is a conflict of presumptions, it would appear more reasonable that that one should yield which has the least probability to sustain it, rather than that the one in favor of innocence and of the validity of the subsequent marriage should prevail."

It has been settled by the decisions of this court that "If, on any reasonable view of the evidence it will support the conclusion reached in the trial court, the finding and judgment will not be disturbed." Ex parte Coleman, 211 Ala. 248, 100 So. 114, 115; Ex parte Sloss-Sheffield Steel & Iron Co., 207 Ala. 219, 221, 92 So. 458, 460; Ex parte Louisville & Nashville Railroad Co., 208 Ala. 216, 94 So. 289; Ex parte Nunnally Co., 209 Ala. 82, 95 So. 343; Ex parte Shaw, 210 Ala. 185, 97 So. 694; Ex parte Thomas, 209 Ala. 276, 96 So. 233.

It results from the foregoing that our views are in accord with those expressed by the trial court, and its judgment will therefore be affirmed.

Affirmed.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.