20 So.2d 526

### MEADOWS v. HULSEY.

### 7 Div. 807.

Supreme Court of Alabama.

Jan. 11, 1945.

Merrill, Merrill & Vardaman, of Anniston, for appellant.

H. Herbert Evans, of Anniston, for appellee.

LIVINGSTON, Justice.

Petition for writ of habeas corpus to determine the custody of two infants, one four years of age and the other two years of age. The petition was filed by Mrs. Kate Meadows, the paternal grandmother of the children, against their maternal grandmother, Mrs. Susie Hulsey.

The record discloses the following tragic circumstances: The two infants are the children of Leamon Davis, the son of Mrs. Meadows, and Mrs. Leamon Davis, the deceased daughter of Mrs. Hulsey. The father of the infants was convicted of manslaughter in the first degree, and sentenced to serve a term of ten years in the penitentiary for the killing of the mother of said infants. Unable to make bond, he elected to serve his sentence pending appeal and is now confined in Kilby prison. Prior to his confinement, he placed the two children under the custody and control of Mrs. Meadows, the petitioner, who is living with her second husband, T. Jones Meadows.

Early in May, 1944, while Mrs. Meadows and the two children were at a store near the Meadows' home, Mrs. Hulsey, together with other members of the Hulsey family, took the children over the vigorous protest of Mrs. Meadows and carried them to the Hulsey home. This proceeding followed.

The sole question presented is the correctness of the trial court's decree in awarding the custody of the two children to Mrs. Hulsey. And in determining the question, the paramount consideration is the welfare and best interest of the children. Anonymous, 55 Ala. 428; Hawkins v. Hawkins, 219 Ala. 31, 121 So. 92; Butler v. Butler, 222 Ala. 684, 134 So. 129; Thomas v. Thomas, 212 Ala. 85, 101 So. 738; Goldman v. Hicks, 241 Ala. 80, 1 So.2d 18; Hammac v. Hammac, ante, p. 111, 19 So.2d 392.

The testimony was taken ore tenus before the trial judge. Where the testimony is so taken, the trial judge has the witnesses before him, hears their testimony, and observes their demeanor on the stand, and unless his judgment or decree is palpably wrong, it will not be here disturbed. Bonds v. Bonds, 234 Ala. 522, 175 So. 561; McClurkin v. McClurkin, 206 Ala. 513, 90 So. 917; Hodge v. Joy, 207 Ala. 198, 92 So. 171; Wade v. Miller, 208 Ala. 264, 93 So. 905; McWilliams v. Phillips, 71 Ala. 80; Puckett v. Puckett, 240 Ala. 607, 200 So. 420.

It would serve no useful purpose to here detail the evidence. Suffice it to say, we have carefully examined and considered the same, and are not willing to say that the decree of the trial judge is erroneous. It follows that the decree of the trial court is due to be, and is, affirmed.

Affirmed.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.