46 So.2d 422

**WHITMAN et al. v. WHITMAN et al.**

6 Div. 955.

Supreme Court of Alabama.

May 18, 1950.

Horace C. Alford, of Birmingham, for appellants.

Edw. T. Rice, of Birmingham, for appellees.

FOSTER, Justice.

This case was here on former appeal, Leonard v. Whitman, 249 Ala. 205, 30 So.2d 241, from a decree overruling a demurrer to the bill. The decree was affirmed. It is here now on appeal from the final decree denying relief to appellant on the pleadings and proof. The only disputed question is one of fact which is controlling. It is whether the appellant Annie DuBose Whitman was the wife of Ed Whitman at the time of his death in Birmingham on November 10, 1943. He died possessed of certain property bequeathed to him. One of the respondents Monnie Mae Whitman claimed to be his wife under a marriage performed in Birmingham under a license on November 30, 1938.

The evidence tends to show that Ed Whitman and Annie were married in Selma, Dallas County, Alabama, under a marriage license dated November 21, 1900. That they lived together in Selma until about 1923, when Ed went to Birmingham where he resided until his death in 1943. The evidence is not clear as to the exact date he left Selma. During all that time, approximately twenty years or more, Annie lived in Selma, though she says she visited him occasionally in Birmingham, and that he visited her occasionally in Selma. Appellant Viola Whitman Sharp is alleged to be the daughter of appellant Annie and Ed. The evidence tended to show that Ed married Mary Williams in Birmingham on October 9, 1924, under a marriage license of that date. Mary died October 24, 1929. He then married Ida (or Ila) Mae Lewis on April 19, 1930 under a marriage license of that date issued in Birmingham: a divorce decree was rendered dissolving such marriage by the circuit court, in equity, in Birmingham on October 25, 1934. That he thereafter, on September 30, 1938, married appellee Monnie Mae Smith, with whom he was living in marriage at the time of his death. He and Monnie Mae, as his, wife, had executed some mortgages to appellee C. E. Leonard on his homestead. The bill sought to have these mortgages vacated because they were not executed by Annie as his wife.

Annie testified that she knew of no divorce proceeding; that she had not been served with notice of any such proceeding from either Dallas or Jefferson County. She also offered in evidence a certificate of the register in equity of Dallas County that there was no record of such a suit in that county. The trial court sustained objection to that certificate. But that ruling is not assigned as error. However, the certificate was not admissible for that purpose, since the testimony of the register would be the only competent evi-

dence by him of that fact. Brown v. Leek, 221 Ala. 319, 128 So. 608; Adams v. Central of Georgia R. R., 198 Ala.· 433, 73 So. 650; Ex parte McLendon, 239 Ala. 564, 195 So. 733.

There was no evidence offered as to the status of the divorce records of Jefferson County in that respect.

The evidence was all rendered ore tenus on the trial. The court based a decree denying relief on the insufficiency of this evidence to overcome the presumption that the marriage of Monnie Mae and Ed was legal, as declared in a number of our cases, many of which were cited by him. The last of them was Faggard v. Filipowich, 248 Ala. 182, 27 So.2d 10, which cites the others.

 We pretermit a consideration of the question of whether Ed and Annie were legally competent to marry when they did, and 'assume for argument that they were competent. Faggard v. Filipowich, supra. But the law .casts a strict burden upon Annie to show that the marriage of Ed with Monnie Mae was illegal by proving a negative, that she and Ed had not been divorced. Her own testimony to that effect must be supported by legal evidence that the divorce courts of all the counties in the State, which would have jurisdiction of such a suit, did not have a record of a decree of divorce. The evidence shows that such a suit could have been maintained in Jefferson County by Annie against Ed who lived in that county, or in Dallas County either by Ed against Annie or by Annie against Ed, since that was the county in which Annie resided all the time and in which they resided when the separation took place. Section 28, Title 34, Code. There was no legal evidence offered as to such records. There was therefore no error in the rendition of the decree denying relief. Ex parte Young, 211 Ala. 508, 101 So. 51; see, also, Sloss-Sheffield Steel & Iron Co. v. Watford, 245 Ala. 425, 17 So. 2d 166.

 After the decree was rendered, the complainant made a motion for a rehearing under Rule 62, Equity Practice, Code 1940, Tit. 7, Appendix and offered to show that she could produce the register of Dallas County as a witness who would testify that the divorce court of that county showed no record of such a divorce, and that her attorney had examined the divorce records of Dallas and Jefferson Counties and no such divorce was there shown. The trial court overruled the motion for a rehearing. Counsel for appellant recognizes the principle that no appeal will lie from a decree overruling a motion for a rehearing in equity. Rudolph v. Rudolph, 251 Ala. 317, 36 So.2d 902; .Spurling v. Spurling, 250 Ala. 612, 35 So.2d 502; Rule 62, Equity Practice, Code 1940, Tit. 7, Appendix.

 The appeal is taken from the final decree only, as was appropriate. But the assignments of error include the decree denying a rehearing. That decree was not subject to review by assignments of error made on appeal from the final decree. The duty to include it in the transcript, as held in Campbell v. Rice, 244 Ala. 144, 12 So.2d 385, does not aid appellant in this connection. It cannot be considered in determining whether there was error in rendering the final decree. We are not therefore privileged to review the ruling of the court on the motion for a rehearing, and it serves no purpose on this appeal.

Affirmed.

LAWSON, SIMPSON and STAKELY, JJ., concur.