66 So.2d 135

**DORSEY v. DORSEY et al.**

4 Div. 738.

Supreme Court of Alabama.

May 21, 1953.

Rehearing Denied June 30, 1953.

Archie I. Grubb, Eufaula, for appellees.

Chauncey Sparks, Eufaula, for appellant.

MERRILL, Justice.

This cause was submitted on motion to dismiss the appeal and on its merits.

Appellees filed a motion to dismiss the appeal because appellant did not give security for costs. Appellant made an affidavit in lieu of bond on appeal stating that she was unable to give security on appeal and that she, as a married woman, was so entitled under Code 1940, Title 7, section 799. Appellee contends that the decree of the lower court, which is controlling until reversed, holds that she is not married to

appellee. This latter contention is correct, but the basis of this whole proceeding is the claim that appellant had been married twice and that fact was proved without dispute.

The motion is without merit and is overruled.

 This is the second appeal in this cause. The first opinion of the Court is reported in 256 Ala. 137, 53 So.2d 601, 603. A statement of the facts, portions of the bill and the original decree can be found in that opinion and will not be repeated here. We do quote three paragraphs of that opinion to show why the case was remanded. All the Justices on the Court at that time participated in the rehearing, and this opinion is primarily concerned with the additional evidence taken since remandment, although we have read all the briefs of both parties in the original case. The following is quoted from the first opinion:

"Under the decisions of this court, one attacking the validity of a marriage does not meet the burden imposed on him by showing merely that the respondent was previously married. The burden is on one attacking the validity of a second marriage not only to establish the fact of the previous marriage, but that such previous marriage has not been dissolved by divorce or death.— Faggard v. Filopowich [Filipowich], 248 Ala. 182, 27 So.2d 10, and cases cited; Jordan v. Courtney, 248 Ala. 390, 27 So.2d 783; Whitman v. Whitman, 253 Ala. 643, 46 So.2d 422.

"We think the evidence in this case is sufficient to show the previous marriage of the respondent, Florrie Dorsey, to Ben Sawyer and that Ben Sawyer was living at the time Florrie and Ed [Dorsey] went through a marriage ceremony. However, we are clear to the conclusion, after a careful consideration of the evidence in consultation, that the complainant failed to meet the burden which was upon him to show that the marriage of the respondent Florrie Dorsey and Ben Sawyer had not been dissolved by divorce. The only evidence in the record which bears on this issue is the testimony of the respondent herself and admissions made by her. Such evidence is not sufficient to justify a decree of annulment of a marriage.—Freed v. Sallade, 245 Ala. 505, 17 So.2d 868.

"The general rule is stated in 55 C.J.S., Marriage, § 58, p[age] 940, to be as follows: 'An annulment cannot be had on the mere declarations or admissions of one of the parties to the marriage without corroborating evidence.' "

After this appeal was taken, and before submission, the appellee, Ed Dorsey, died and the cause has been revived in the name of his heirs at law.

Florrie Dorsey did not appear personally in either case, but her testimony was taken by interrogatories propounded to her by complainant. Some of these questions and answers are:

"No. 4. State the name of your first husband, the date of your marriage to him: at what place and by whom you were married?

"A. My first husband was Ben Sawyer. I married him on the 18th day of October, 1918, at Georgetown, Georgia. We were married by Rev. Vicks.

"No. 5. State whether your husband is now living or dead?

"A. I do not know. * * *

"No. 8. State how long after your first marriage you lived with your husband as his wife?

"A. I lived with my first husband four years.

"No. 9. If you separated from your husband during his life, then state the approximate date of your separation?

"A. We separated about the 28th day of June, 1923.

"No. 10. Give the name and place and ages of all children born to you as a result of your first marriage?

"A. The names and addresses of my children by my first marriage are as follows: Florrie D. Sawyer, Detroit, Michigan; Rufus Sawyer, Chicago, Illinois; Annie Sawyer, Cleveland, Ohio, and Geneva Sawyer, Detroit, Michigan.

"No. 11. State whether or not you and your first husband were ever divorced and, if so, state as follows:

"(a) The date thereof; (b) the place it was obtained;

"(c) the name of the court in which it was obtained.

"A. No."

This was all the evidence before the court on the first trial that the marriage of Florrie and Ben Sawyer had not been dissolved by divorce.

We come now to a consideration of the additional evidence taken by complainant to comply with the requirement set out above by this Court in its first opinion in this case.

It was the undisputed proof that the only county in Alabama in which either Florrie Dorsey and Ben Sawyer had ever lived was Barbour County. The testimony of the register of the Circuit Court, in Equity, of Barbour County, was taken by deposition to the effect that the records of Barbour County did not show a divorce of the parties. The evidence further showed that Florrie and Ben Sawyer had lived in only two counties in Georgia, Quitman and Bibb. Certificates of the Secretary of State of Alabama, prepared in accordance with section 429, Title 7; Code 1940, showing appropriate sections of the Georgia Constitution and statutes covering jurisdiction and venue of divorce actions in Georgia, and duties of the clerk of superior courts in the state of Georgia, were offered in evidence, together with depositions and certificates of the clerks of the superior courts of Quitman and Bibb Counties. The records of those respective counties did not show that Florrie and Ben Sawyer had ever been divorced.

It was discovered that Ben Sawyer was still alive and lived in Macon, Georgia. Interrogatories, cross interrogatories and rebutting interrogatories were propounded to Ben Sawyer. Some of the pertinent questions were as follows:

"Interrogatories—

"2. Are you the Ben Sawyer who went through a marriage ceremony with Florrie or Florida Smith on or about October 18, 1918 at Georgetown, Quitman County, Georgia?

"3. If your answer to the preceding interrogatory is in the affirmative, then answer as follows:

"(b) Name each state, county and city or town in which you have resided since October 18, 1918 to the date hereof, specifying the period of time that you lived in each such state, county and city or town."

Cross interrogatories:

"1. Have you married since you separated from Florrie or Florida?

"2. If so, when, where and to whom?

"3. If you did marry, is the woman you married now living with you?"

Rebutting interrogatories:

"1. Have you ever been divorced from Florrie or Florida Dorsey? If so, state the date on which this divorce was rendered and the name of the court which rendered said decree * * * ?"

A commissioner in Bibb County, Georgia, was duly appointed by the register of the Circuit Court, in Equity, of Barbour County, and the interrogatories sent to him. The commission was dated October 4, 1951. The commission was returned in February 1952 by the commissioner together with an affidavit that he had had Ben Sawyer subpoenaed by the deputy sheriff of Bibb County, Georgia, to appear and answer the interrogatories, but that said Ben Sawyer failed and refused to answer the subpoena or to answer the interrogatories.

The trial court upon hearing the evidence made the following finding of fact: "I am convinced that Florrie Dorsey misrepresented her marital status to complainant Ed Dorsey at the time of their marriage, and that she did declare herself to be a person allowed to recontract marriage because of a claimed divorce from the man Sawyer. I am further convinced that such deception continued for a long period of time until it was ascertained by the said Ed Dorsey that Florrie Dorsey had no divorce at the time she was married to him, Dorsey, and practiced in that way a fraud

upon him. The deed executed under the circumstances named shall and will be declared invalid in so far as it relates to the respondent Florrie Dorsey, but the complainant does not ask that the half interest of this child, Eddie Mae Dorsey, be taken from her, and I do not think such should occur."

The question now posed is whether or not the additional evidence adduced at the second trial is sufficient to meet the burden of showing that the marriage had not been dissolved by divorce.

■ There are no absolute presumptions of the dissolution of the first marriage state "in order to establish the innocence of the other party to a subsequent marriage". In each case the question is one of fact "to be determined like any other question of fact, upon * * * the attending facts and circumstances, and such inferences as fairly and reasonably flow therefrom." Fuquay v. State, 217 Ala. 4, 114 So. 898, 902.

■ The law casts a strict burden upon complainant to prove a negative, i. e., that Florrie and Ben Sawyer had not been divorced. Whitman v. Whitman, 253 Ala. 643, 46 So.2d 422.

■ In City of Mobile v. McClure, 221 Ala. 51, 127 So. 832, 834, the Court said:

"The burden would ordinarily be upon the plaintiff to prove such averments as are of the essence of the action, though they include a negative, unless the knowledge of such facts is peculiarly possessed by defendant, for in such event there is an administrative presumption against defendant on that issue. This continues in effect until defendant has offered evidence to the contrary. Cruse-Crawford Mfg. Co. v. Rucker, 220 Ala. 101, 123 So. 897; Toranto v. Hattaway, 219 Ala. 520, 122 So. 816; Lawson v. Mobile Elec. Co., 204 Ala. 318, 85 So. 257; Louisville & N. R. R. Co. v. Marbury [Lumber Co.], 125 Ala. 237, 28 So. 438, 50 L.R.A. 620; Somerall v. Citizens' Bank, 211 Ala. 630, 101 So. 429; 22 C.J. 81." See National Surety Co. v. Julian, 227 Ala. 472, 150 So. 474; Protective Life Ins. Co..v. Swink, 222

Ala. 496, 132 So. 728; 31 C.J.S., Evidence, § 113, page 721.

■ In Freed v. Sallade, 245 Ala. 505, 17 So.2d 868, 869, the Court said:

"It is well settled that under such circumstances there is certainly a strong presumption that if she had ever been married to Noah, there had been a divorce. 'The burden * * * rests upon the person seeking to impeach the last marriage, notwithstanding he is thereby required to prove a negative.' Sloss-S[heffield] S[teel] & I[ron] Co. v. Alexander, 241 Ala. 476, 3 So.2d 46, 48; S[loss-]S[heffield] S[teel] & I[ron] Co. v. Watford, 245 Ala. 425, 17 So.2d 166; Ex parte Young, 211 Ala. 508, 101 So. 51; Bell v. Tennessee C[oal], I[ron] & R. Co., 240 Ala. 422, 199 So. 813. It was truly there noted that the presumption of a divorce because of a second marriage must be accepted with caution and must yield so as not to require 'courts and juries to presume as true that which probably is false.' This seems to mean that the presumption of an innocent second marriage is overcome when the circumstances require a reasonable inference to the contrary."

■ A woman can have but one lawful husband living, and so long as he is alive and the marriage bond remains in full force, all her subsequent marriages, whether meretricious or founded in mistake and at the time supposed to be lawful, are utterly null and void. Sloss-Sheffield Steel & Iron Co. v. Watford, 245 Ala. 425, 17 So. 2d 166; Bell v. Tennessee Coal, Iron & R. R. Co., 240 Ala. 422, 199 So. 813.

■ Applying the law as outlined above to the facts of this particular case, we find that the two people who really know whether they ever were divorced are Florrie and Ben Sawyer. This a fact peculiarly in their knowledge and Florrie is the respondent (defendant) here. She admits there has been no divorce. Ben, a nonresident, refuses to testify. Complainant has taken the necessary steps to get Ben's testimony, except possibly to have him brought before a court on account of his refusal to testify.

Even then, judging from the nature of the interrogatories and cross interrogatories, there is the possibility that he legally could and would refuse to answer under his constitutional rights. Complainant showed there had been no divorce in the three counties in which the parties had lived, Barbour in Alabama, and Quitman and Bibb in Georgia. We agree with distinguished counsel for appellant that this Court has never declared that it would require this kind of testimony from all courts, both foreign and domestic. But whether required or not, complainant sought this testimony to further corroborate the admission of respondent, Florrie Dorsey, that there had been no divorce.

The trial court, sitting in equity, the trier of the facts, considered the strong presumption of the validity of the second marriage and found that it had been overcome by the evidence adduced by complainant. See Freed v. Sallade, supra; Protective Life Ins. Co. v. Swink, supra.

Appellant, in the original brief filed on first appeal insisted that the present action is barred by laches and the statute of limitations. Ed Dorsey testified in person that Florrie first informed him that she was not his wife and that Ben Sawyer was still her husband, in September 1947. Florrie testified by answer to interrogatories that she had not told Ed that she was divorced from Ben, that she had not deceived Ed and that he knew she had been married to Sawyer. The trial court chose to believe Ed's version that he had first discovered the deception in 1947, and the bill in this case was filed on February 26, 1948. This finding of fact, if upheld by this Court, would dispose of the contention that the cause is barred by laches or the statute of limitations. Code 1940, Title 7, section 42; Averett v. Averett, 243 Ala. 357, 10 So.2d 16; Cartwright v. Braly, 218 Ala. 49, 117 So. 477.

The case of Shipman v. Furniss, 69 Ala. 555, where the dissolute young planter married a common prostitute who had been previously married but not divorced, and under her influence and that of a rival paramour, deeded his plantation to her is authority for the setting aside of the

deed to Florrie here. See also Baker v. Maxwell, 99 Ala. 558, 14 So. 468; Morgan v. Gaiter, 202 Ala. 492, 80 So. 876; Fuller v. Scarborough, 239 Ala. 681, 196 So. 875.

The decree of the lower court is given the same weight as a jury's verdict and will not be disturbed unless plainly and palpably wrong. Meadows v. Hulsey, 246 Ala. 261, 20 So.2d 526; 2 Alabama Digest, Appeal and Error, ☞1008(1).

The decree of the circuit court, in equity, should be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.