90 So.2d 774

Fannie **REYNOLDS**

v.

Marion **REYNOLDS.**

6 Div. 912.

Supreme Court of Alabama.

Nov. 15, 1956.

David H. Hood, Jr., Bessemer, for appellant.

Edw. L. Ball, Bessemer, for appellee.

SPANN, Justice.

The Circuit Court of Jefferson County, in Equity, upon complaint of the husband, rendered a decree dissolving the bonds of matrimony between Fannie Reynolds and Marion Reynolds. From that decree the respondent wife, Fannie Reynolds, prosecutes this appeal.

Complainant alleged in his bill that he and respondent were married on May 27, 1939, and they lived together as man and wife until November 15, 1949, at which time respondent voluntarily left the home of complainant through no fault on his part, and they have not lived together as man and wife since. Respondent filed her answer denying that she voluntarily abandoned her husband and by way of cross bill alleged adultery and sought a property settlement equal to one-half of the value of their residence and four lots alleged to have been acquired during their marriage.

The only question presented is whether the evidence is sufficient to support the decree of the court granting the relief sought in complainant's bill for divorce on the ground of voluntary abandonment and denying the relief sought in respondent's cross bill.

The testimony was taken orally before the trial judge and by deposition. In such circumstances, this court has followed the consistent policy of not disturbing the trial court's conclusion on the facts unless the decree is palpably wrong. Meares v. Meares, 256 Ala. 596, 56 So.2d 661; Meadows v. Hulsey, 246 Ala. 261, 20 So.2d 526.

The evidence was in sharp conflict as to the cause of the separation; but we will not engage in any detailed discussion

**264**

of the evidence as it would serve no useful purpose. Suffice it to say that we have carefully considered the evidence in consultation and are of the opinion that it is adequate, if believed, to support the decree of the court granting the divorce on the ground of voluntary abandonment. Stidham v. Stidham, 264 Ala. 195, 86 So.2d 294; McEvoy v. McEvoy, 214 Ala. 112, 106 So. 602; Smith v. Smith, 248 Ala. 540, 28 So.2d 637; James v. James, 242 Ala. 140, 5 So.2d 616; Davis v. Davis, 241 Ala. 385, 2 So.2d 780.

It follows that the decree of the lower court is due to be affirmed.

Affirmed.

SIMPSON, GOODWYN and MERRILL, JJ., concur.