97 So.2d 816

**Henry JONES**

**v.**

**Louvenia Jones CASE.**

**6 Div. 993.**

Supreme Court of Alabama.

Oct. 31, 1957.

Arthur D. Shores, Birmingham, for appellant.

Lowe & Williams, Birmingham, for appellee.

LIVINGSTON, Chief Justice.

The appellee, Louvenia Jones Case, filed her bill of complaint in the Circuit Court of Jefferson County, Alabama, in Equity, against Henry Jones, the appellant, seeking a decree vesting the title to certain real property, described in the bill of complaint, in the complainant. There was a further prayer that a conveyance of the property from Louvenia Jones Case to Henry Jones, dated July 21, 1952, be held to be without consideration, fraudulent, and of no effect.

The trial court found, in effect that Louvenia Jones Case was the lawful wife of Mansfield Jones at the time of his death in 1940, and that he died intestate, and that the title to the property in question vested in Louvenia Jones Case as against respondent Henry Jones. The court further decreed that the quitclaim deed executed July 21, 1952, from Louvenia Jones (Louvenia Jones Case) to Henry Jones be, and is, annulled, cancelled, and held for naught. Admittedly, at the time of his death, said Mansfield Jones was the owner of the property in question.

Only one question is here presented for review. That question is stated in appellant's brief as follows:

"A careful study of the evidence in this case shows that the decision of the case may rest upon the determination of one question, namely, was the appellee to be considered as the legal wife of Mansfield Jones, deceased, which would entitle her to inherit the property involved in this litigation, as against appellant. The trial court answered the question in the affirmative; it is upon this determination by the lower court that we feel that the court erred."

Briefly, the evidence presented in the case tends to show the following:

That the complainant and Mansfield Jones were married in 1906. In 1917, Henry Jones, then a young child, who was a cousin of Mansfield Jones, came to live with Louvenia and Mansfield. Henry Jones was never adopted. In 1922, Louvenia left Mansfield, and in 1924, she moved to Cleveland, Ohio. Louvenia testified that she never obtained a divorce from Mansfield, and there was no positive evidence produced to the contrary. Louvenia further testified that in 1925 she "married" Isiac Hamlett in Cleveland, Ohio, but that this marriage terminated in a di-

vorce in 1945. In 1946, Louvenia married her present husband, one Case.

In 1928, Mansfield Jones acquired the title to the property involved, and in 1934, he mortgaged said property to the Home Owners Loan Corporation for $1,840. The mortgage instrument recited that "Mansfield Jones and wife Louvenia Jones" were mortgagors, and both joined in the execution of said mortgage. There is testimony to the effect that Louvenia visited Birmingham at about 2-year intervals from the time of her separation from Mansfield until his death. Louvenia further testified that after Mansfield's death there was an arrangement made between her and Henry for him to remain in possession of the property as a tenant, his rental payments being the taxes, insurance, mortgage installments, and upkeep of the dwelling. This arrangement was denied by Henry Jones but the court below found such arrangement to be a fact.

In June 1952, there was an exchange of correspondence between Louvenia and Henry. Henry proposed to send to Louvenia " * * * a deed to sign, so we can proceed to sell the property * * *." As a result of this request from Henry, the complainant went to Birmingham and executed a quitclaim deed in favor of Henry.

As was heretofore stated, the court below found the deed to have been fraudulently obtained and therefore cancelled it.

If the marriage of Louvenia to Mansfield terminated in a divorce prior to 1940, the decision of the court below must be reversed, for Henry would be entitled to the property in issue as between the two.

■■ But in Alabama it is settled that "the presumption is that the prior marriage has been dissolved by divorce, and the burden to show that it has not rests upon the person seeking to impeach the last marriage, notwithstanding he is thereby required to prove a negative." Sloss-Sheffield Steel & Iron Co. v. Alexander, 241 Ala. 476, 3 So. 2d 46, 48, and authorities cited therein. And so, in the instant case the burden is upon Louvenia to show that she and Mansfield were never divorced.

But as was stated in Dorsey v. Dorsey, 259 Ala. 220, 66 So.2d 135, 139:

"There are no absolute presumptions of the dissolution of the first marriage state 'in order to establish the innocence of the other party to a subsequent marriage'. In each case the question is one of fact 'to be determined like any other question of fact, upon * * * the attending facts and circumstances, and such inferences as fairly and reasonably flow therefrom.' Fuquay v. State, 217 Ala. 4, 114 So. 898, 902."

The following was quoted in Bell v. Tennessee Coal, Iron & R. Co., 240 Ala. 422, 199 So. 813, 814:

" * * * 'The presumption of the dissolution of a prior marriage, whether by death or divorce, should be indulged with caution. We apprehend that such presumptions sometimes have been made with very little justification. A rule of law which allows an artificial or technical force to be given evidence which warrants such presumptions, beyond its natural tendencies to convince the mind, and requires courts and juries to presume as true that which is false, cannot but be fraught with dangerous consequences. In case there is a conflict of presumptions, it would appear more reasonable that that one should yield which has the least probability to sustain it, rather than that the one in favor of innocence and of the validity of the subsequent marriage should prevail.' "

■ The quantum and quality of evidence that is necessary to overcome the presumption of the dissolution of a prior marriage has, of course, no certain measures. But this court sustained the trial judge in the case of Freed v. Sallade, 245 Ala. 505, 17 So.2d 868, where he refused to accept the uncorroborated testimony of the complainant that she had not obtained a

legal divorce prior to her subsequent marriage. However, where the testimony of the person having the burden of proving there was no divorce prior to a subsequent marriage is corroborated by other evidence, their contention has been sustained. Sloss-Sheffield Steel & Iron Co. v. Watford, 245 Ala. 425, 17 So.2d 166; Dorsey v. Dorsey, 259 Ala. 220, 66 So.2d 135.

In the Watford case, supra, the testimony that there was no divorce was corroborated by the court records of every county in which the parties had lived.

In the Dorsey case, supra, the complainant showed that there had been no divorce in the three counties in which the parties had lived. The fact that there had been an attempt to get the other party to the marriage to testify as to whether there had been a divorce was also considered as corroborating evidence.

In the instant case, there was the testimony of the complainant that there had been no divorce. As further corroborating evidence was the fact that Mansfield, some twelve years after their separation, had Louvenia join him in executing a mortgage on the property here involved. There also existed the fact that Henry Jones thought it necessary to have Louvenia execute a deed to the property in his favor.

Under the evidence presented in this cause, the trial court, sitting without a jury in equity, considered the presumption that the first marriage was dissolved by divorce, and found that this presumption had been overcome by the evidence and that Louvenia was the legal wife of Mansfield at the time of his death.

The finding of fact, and the decree of the Chancellor, where the case is heard orally, will not be here disturbed unless it is plainly and palpably wrong. Hyatt v. Compton, 262 Ala. 649, 80 So.2d 650; Dorsey v. Dorsey, supra; Meadows v. Hulsey, 246 Ala. 261, 20 So.2d 526.

After a careful examination of the record, we are unwilling to say that the decree of the trial court was plainly and palpably wrong and unjust.

Affirmed.

SIMPSON, GOODWYN and COLEMAN, JJ., concur.