275 So.2d 683

**Mary Lahon JACKSON**

v.

**James JACKSON.**

**Civ. 128.**

Court of Civil Appeals of Alabama.

April 4, 1973.

Phelps & Owens, Tuscaloosa, for appellant.

Robert V. Wooldridge, Jr., Tuscaloosa, for appellee.

WRIGHT, Presiding Judge.

James Jackson, appellee here, filed a complaint seeking in the alternative, a divorce for incompatibility or an annulment, against Mary Labon Jackson, appellant here. Decree was entered annuling the marriage, but directing payment of "reasonable support" to a child of the union who was nineteen years of age and a student at the University of Alabama. Appellant's cross-bill for divorce on the ground of cruelty was dismissed.

The evidence adduced at the hearing ore tenus of the bill and cross-bill tended to show the following: Appellee entered into a ceremonial marriage with appellant in Mississippi on December 16, 1951. A daughter was born July 15, 1952. The parties lived together as man and wife, with two brief separations, until 1971 when appellant, because of alleged continued use of abusive and obscene language to her and the daughter, and at the request of appellee that she leave, left the home.

Appellant admitted that she was previously married to James Labon on November 2, 1941 and had not divorced him before or since her marriage to appellee, and so far as she knew Labon had never divorced her. She had not seen nor heard of Labon for some fifteen years. She stated that she had told appellee of her prior marriage and that she had not received a divorce before the marriage, and that appellee told her that their marriage would be valid in Mississippi. Appellee denied being told there had been no divorce prior to their marriage, but stated he was not told by appellant that she was not divorced until about three years prior to the separation. There is no evidence as to how long appellant lived with her first husband or where he lived after they separated. The only evidence relating to the first marriage of appellant, or to its continuance or dissolution, is the admission of appellant.

Appellant has assigned several errors of the trial court, the first of which charges that the court erred in granting appellee an annulment for that the evidence failed to establish a ground therefor.

Appellee averred that his ceremonial marriage to appellant was invalid because at the time of the marriage appellant was already married to James Labon, which marriage had not been dissolved by death or divorce. The burden of proof that the first marriage had not been dissolved was thus assumed by appellee.

■ In such cases, the presumption is that the prior marriage has been dissolved

by death or divorce and the burden to show that it has not been dissolved rests upon the person seeking to impeach the last marriage, notwithstanding he is thereby required to prove a negative. Jordan v. Copeland, 272 Ala. 336, 131 So.2d 696; Dorsey v. Dorsey, 259 Ala. 220, 66 So.2d 135; Freed v. Sallade, 245 Ala. 505, 17 So.2d 868; Barnett v. Barnett, 262 Ala. 655, 80 So.2d 626.

It was stated in Sloss-Sheffield Steel & Iron Co. v. Alexander, 241 Ala. 476, 3 So. 2d 46 as follows: "The presumption that a marriage is legal and valid in all respects is one of the strongest known to the law, and while it is true that the marriage relation when once proved is presumed to continue, yet this presumption attaches with full force to the latest marriage, the reason being that the presumption of innocence, morality and legitimacy will counterbalance and preponderate against the presumption of the former relations." This principle is quoted in Barnett v. Barnett, supra.

■ Such presumption is not conclusive and is subject to be overcome by evidence to the contrary. Walker v. Walker, 218 Ala. 16, 117 So. 472. However such presumption is founded upon experience and public policy and if not rebutted by evidence the presumption should stand. Barnett v. Barnett, supra.

■ The admission or confession of appellant that she had never obtained a divorce from James Labon, and did not know if he had obtained one, is not sufficient without corroboration to overcome the presumption of dissolution and carry the burden of proof required of appellee in his attack upon the validity of his marriage to appellant. Freed v. Sallade, supra; Jones v. Case, 266 Ala. 498, 97 So.2d 816; Dorsey v. Dorsey, supra. It was said in Jones v. Case, supra, that "the quantum and quality of evidence that is necessary to overcome the presumption of dissolution of a prior marriage has, of course, no certain measures. But this court sustained the trial judge in the case of Freed v. Sallade, [supra], where he refused to accept the uncorroborated testimony of the complainant that she had not obtained a legal divorce prior to her subsequent marriage." In cases decided by the Supreme Court of this state on this question, where there has been an admission of failure to secure a divorce in a previous marriage, corroborating evidence has been required. Such evidence has consisted of proof of absence of divorce decrees in the records of places where the party or parties have resided through the years. Dorsey v. Dorsey, supra; Sloss-Sheffield Steel & Iron Co. v. Watford, 245 Ala. 425, 17 So.2d 166; Jordan v. Copeland, supra; Ashley v. Ashley, 255 Ala. 313, 51 So.2d 239; Whitman v. Whitman, 253 Ala. 643, 46 So.2d 422. However, we do not hold here that proof of the absence of divorce records in the places where the parties have lived is indispensable in such cases or that other corroborative evidence may not be sufficient to overcome the presumption. Each case must be considered on its own facts.

In this case there was no corroboration of appellant's admission that she had not obtained a divorce and did not know if her first husband had. Therefore, the presumption that at the time of her marriage to appellee there was no impediment to the validity of such marriage must stand and the trial court erred in decreeing the annulment.

We see no need to discuss or decide here appellant's contention that the court erred in granting the annulment because a common law marriage was effected by the parties living together as man and wife, executing mortgages and filing joint income tax returns, after the impediment to such marriage was removed by the unexplained absence of James Labon for a period of fourteen years and his presumed death. Since we have decided that there was a lack of proof of an impediment to the ceremonial marriage of December 16, 1951, such question need not be decided.

■ There was assigned as error that portion of the court's decree directing ap-

pellee to "lend reasonable support, and maintenance to the child Marva Ann Jackson, age nineteen years, while she attends school, giving consideration to all sums already available to the child for her education." Though such indeterminate order leaves much uncertainty and would appear to make enforcement difficult, it is possible to determine a proper sum, and failure to provide "reasonable support and maintenance" under such conditions is subject to proof and remedy for failure in contempt proceedings. We will not disturb that part of the decree.

Since there was no cross-appeal, and paternity of the child Marva Ann was admitted and recognized by appellee, we will not comment upon that portion of the decree finding appellee to be the father. Of course since the annulment of the marriage is to be set aside it follows that Marva Ann could not be considered other than the child of appellee in this proceeding.

It is therefore the decision of the court that the part of the decree granting to appellee an annulment of his marriage to appellant is reversed and set aside. The remainder of the decree is affirmed.

Reversed in part, affirmed in part and remanded.

BRADLEY, and HOLMES, JJ., concur.