HOLMES, Judge.
This is a workmen’s compensation case.
Barbara Murphy was accidentally killed in February of 1979 while working in the line and scope of her employment with Courtaulds North America, Inc. At the time of her death, Ms. Murphy was living with Jake E. Lott, Sr.
Lott filed suit against Courtaulds, alleging that he was Ms. Murphy’s common-law husband and sole dependent and was therefore entitled to dependent’s benefits under *241 the Alabama workmen’s compensation statute.
Lott filed a motion for summary judgment. The issue before the trial court on summary judgment was whether or not Lott’s common-law marriage to Ms. Murphy was invalid due to a prior, undissolved ceremonial marriage entered into by Ms. Murphy. The learned trial judge found that Courtaulds had the burden of proving that the prior marriage was undissolved and that Courtaulds failed to meet this burden. Lott’s motion was granted and Courtaulds filed this appeal.
The issue on appeal is whether the trial court erred in granting Lott’s motion for summary judgment. We find error in this regard and reverse and remand.
The record reveals the following facts: Ms. Murphy and Clarence Murphy were lawfully married in a ceremony in Prichard, Alabama, on September 2, 1954. Shortly thereafter, the parties moved to Chicago, Illinois. They lived together as man and wife until Ms. Murphy left to go to California in 1959.
The parties never lived together after that time. Mr. Murphy did not see his wife at all while she lived in California. Ms. Murphy returned to Mobile in 1962 and resided there until her death, with the exception of about twenty-one months which she spent imprisoned in Elmore County.
After Ms. Murphy returned to Mobile, Mr. Murphy saw her twice. However, Mr. Murphy did visit in Mobile in the summer of 1978. Ms. Murphy sought him out at that time and they spent a good deal of time together during the two weeks Mr. Murphy was in Mobile.
Over the years, Mr. Murphy had given Ms. Murphy money from time to time when she asked for it. The last time he gave her any money was during his visit in 1978.
Mr. Murphy testified on deposition that he never filed suit for divorce from Ms. Murphy. He also stated that Ms. Murphy did not file for divorce while they were living together in Chicago and that he had never been served with any papers relating to a divorce.
Courtaulds filed affidavits from various courts in jurisdictions in which Clarence Murphy and Barbara Murphy had lived. These affidavits reflect the absence of any records regarding a divorce between Ms. Murphy and Mr. Murphy. The circuit court clerk of Cook County, Illinois, certified that he found no record of a suit for divorce, annulment, or separate maintenance from or by either party between 1954 and 1966. The superior court clerk for Los Angeles County, California, certified that he found no record of a divorce action between the parties during the period of 1959 to 1966. Finally, the domestic relations court clerk of Mobile County, Alabama, certified that he found no record of a divorce between thé parties from 1959 until 1979. No affidavit was filed regarding the record of the Circuit Court of Elmore County, Alabama.
When Ms. Murphy returned to Mobile in 1962, she bought a shell home, which she placed on a lot she inherited from her mother. The home had no utilities or plumbing. Jake Lott helped Ms. Murphy finish the home.
In 1963, Ms. Murphy wets imprisoned in Elmore County for conviction of possession of marijuana. In 1964, while incarcerated, Ms. Murphy conveyed to Lott an undivided one-half interest in the home and lot. Mr. Lott did not pay Ms. Murphy any money for this interest.
Ms. Murphy was released from prison in the summer of 1965 and she and Lott commenced cohabitation in August of that year. Although Lott was married to another woman when he moved in with Ms. Murphy, he and his former spouse were divorced in 1968.
Lott and Ms. Murphy continuously cohabited from 1965 until Ms. Murphy’s death in 1979. They shared their living expenses. Some of the utility bills were in Lott’s name and some were in Ms. Murphy’s name. Lott and Ms. Murphy held themselves out to their neighbors as man and wife and lived together as man and wife.
The trial court found, on the basis of the facts, that, in the absence of any legal *242 impediment arising from Ms. Murphy’s pri- or ceremonial marriage, Mr. Lott and Ms. Murphy had contracted a common-law marriage. The facts stated above would certainly support such a finding of fact. We also note that Courtaulds apparently entered into a stipulation to that effect in open court.
As stated above, the dispositive issue on appeal is whether the trial court erred in granting Lott’s motion for summary judgment.
Courtaulds contends that Lott was not entitled to summary judgment because there was at least a scintilla of evidence that Ms. Murphy’s first marriage was never dissolved. If that marriage was not dissolved, then Lott’s common-law marriage to Ms. Murphy was invalid and he could not recover workmen’s compensation benefits as a result of Ms. Murphy’s death. See, Bell v. Tennessee Coal, Iron & R. R., 240 Ala. 422, 199 So. 813 (1941).
When a party produces evidence of the existence of a valid marriage which the opposing party contends is invalid on the ground that there was a prior, undissolved ceremonial marriage the presumption arises that the prior marriage was dissolved by death or divorce. Jackson v. Jackson, 49 Ala.App. 702, 275 So.2d 683 (1973). The burden of proving that the prior marriage had not been dissolved is cast upon the party attacking the validity of the second marriage. Jones v. Case, 266 Ala. 498, 97 So.2d 816 (1957).
In this case Lott produced evidence that he and Ms. Murphy contracted a valid common-law marriage. The trial court ruled that the burden of proof was then cast on Courtaulds to show that Ms. Murphy’s prior marriage had not been dissolved. After consideration of all the evidence, the trial court found that Courtaulds did not meet that burden and that Lott was therefore entitled to summary judgment.
As indicated, this court finds the trial court erred in granting Lott’s motion. While it is true that Courtaulds must ultimately appropriately “prove” that the prior marriage was not dissolved in order to defeat Lott’s claim, Courtaulds, in this instance, is not required to present more than was presented in order to defeat Lott’s motion for summary judgment.
On motion for summary judgment the movant, in this case Mr. Lott, has the burden of proving the absence of any genuine issue of material fact and all reasonable doubts touching the genuine issue of material fact must be resolved against the movant. Studdard v. South Central Bell Tel. Co., Ala., 356 So.2d 139 (1978). When the moving party has presented evidence that no genuine issue of fact exists, the opposing party cannot hold back his evidence but must produce at least a scintilla of evidence that would create a triable issue of fact. Amason v. First State Bank of Lineville, Ala., 369 So.2d 547 (1979). If there is a scintilla of evidence supporting the position of the non-moving party, summary judgment must be denied. Watkins v. St. Paul Fire & Marine Ins. Co., Ala., 376 So.2d 660 (1979); Wilson v. Liberty Nat’l Life Ins. Co., Ala., 331 So.2d 617 (1976).
There is a genuine issue of material fact in the instant appeal, to wit, whether the first marriage was dissolved; one party contending dissolution; the other party contending no dissolution. The presumption of the dissolution of the first marriage is not an absolute presumption; rather, it is a question of fact to be determined in each case. Dorsey v. Dorsey, 259 Ala. 220, 66 So.2d 135 (1953). It is well-settled that a trial judge may not resolve factual issues on motion for summary judgment. Martin v. Auto-Owners Ins., 57 Ala.App. 489, 329 So.2d 547 (1976).
Furthermore, the dissolution or nondisso-lution of Ms. Murphy’s prior marriage is clearly a material fact in this case because it is determinative of Lott’s right to recover workmen’s compensation benefits.
As indicated above, there exists a genuine issue of a material fact. The only inquiry remaining is: Was there a scintilla of evidence to support the non-moving party’s contention?
*243 We find there is at least a scintilla of evidence supporting the position taken by Courtaulds, the non-moving party, that Lott’s common-law marriage to Ms. Murphy was invalid due to a prior, undissolved marriage. As stated above, Mr. Murphy testified that he never sought a divorce from Ms. Murphy and he was not aware of any divorce proceedings filed by Ms. Murphy. In addition, Courtaulds produced affidavits from the appropriate court clerks in all the jurisdictions in which Clarence Murphy and Barbara Murphy lived, except for Elmore County. These affidavits state that no records of divorce proceedings between the parties were found.
In addition, the evidence shows that Mr. Murphy and Ms. Murphy remained in touch with each other over the years after their separation. In fact, Mr. Murphy had sent Ms. Murphy money from time to time. When Mr. Murphy visited in Mobile in 1978, Ms. Murphy sought him out and spent a good deal of time with him. Before leaving Mobile, Mr. Murphy gave Ms. Murphy some money.
Although the evidence noted above may or may not be conclusive as to the non-dissolution of the prior marriage, it clearly raises a scintilla to that effect. Put another way, in light of the evidence above, Courtaulds met its burden of producing at least a “scintilla of evidence that would create a triable issue of fact.” Amason, supra.
Although Courtaulds filed no affidavit with respect to Elmore County, the evidence and the reasonable inferences therefrom present a scintilla for summary judgment purposes that Clarence and Barbara Murphy were not divorced while she was in jail in Elmore County. They did not lose touch with each other during Ms. Murphy’s incarceration. In fact, after she was released, Mr. Murphy sent Ms. Murphy money whenever she asked for it. He also visited with her in Mobile after she was released and while she was living with Jake Lott.
With the above in mind, we find that at the very least, Courtaulds presented a scintilla of evidence that a genuine issue of material fact existed regarding the dissolution of Ms. Murphy’s prior marriage and that summary judgment was therefore improper.
We realize that the trial judge has gone to great lengths in attempting to reach a just resolution in this case. While many interesting points of law are discussed in the trial court’s order, the fact remains that in Alabama a motion for summary judgment may not be granted if there is a scintilla of evidence in support of the non-moving party. Watkins, supra; Wilson, supra.
We note that in this case there were cross-motions for summary judgment; i. e., Courtaulds also filed a motion for summary judgment, which the trial court denied. However, the fact that there were such cross-motions does not remove the burden on each moving party to establish the propriety of granting his own motion. Ama-son, supra.
The failure of one party to carry the burden on his motion does not necessarily mean that the other party has carried the burden under his motion and is thereby entitled to summary judgment. Amason, supra. As stated above, entry of summary judgment is precluded if there is a scintilla of evidence which supports the position of the non-moving party. Watkins, supra; Wilson, supra.
This cause is due to be reversed and remanded.
REVERSED AND REMANDED.
WRIGHT, P. J., and BRADLEY, J., concur.