(122 So. 414)

**BENNETT v. BROWN et al.** (6 Div. 166.)

Supreme Court of Alabama. March 28, 1929.

Rehearing Denied May 30, 1929.

McEniry & McEniry, of Bessemer, for appellant.

Drennen & Burns, of Birmingham, for appellees.

THOMAS, J. The amended bill was to quiet title under the statute. The answer was made a cross-bill, setting out that the lot in question was conveyed by one Brown to his wife, Emma Brown, on July 16, 1910, and they lived thereon until the death of the grantor in 1922; that said Brown, for a cash consideration and the assumption of mortgages, conveyed this lot embraced in a description of a larger tract of land on December 21, 1920, to appellees. The said Emma Brown could not read nor write.

The answer to the cross-bill admits the deed from Brown to his wife, Emma, the mother of complainant and her only heir at law, and admits the cash payment, alleges that the property was under mortgage, and that respondents merely remortgaged the same for sufficient moneys to finance the indebtedness against the original grantors, and that in conveyance to appellees the homestead lot here in question was unintentionally included; that original grantors (Ben Brown and Emma Brown) continued to live on said lot and occupy as their homestead until March, 1926, the time of the death of Ben Brown; that thereafter appellees had a survey made thereof, and discovered that the house and lot on which the said Emma Brown and Dave Brown resided was included in their said deed, and that the lot immediately north of the lot in question and owned by Lucy Bennett was also described in their said deed; that very soon after said survey, the said Dave Brown had the house removed from said lot knowing that complainant would eventually be entitled thereto; that at no time did the said Dave Brown or Florence Westbrooks inform the said Emma Brown and Ben Brown that they had a deed to their homestead, nor did they inform the said Will Bennett that they had a deed to his premises; that soon after the death of said Ben Brown the complainant placed a fence around the lot in question and took possession thereof, and now claims as his own. And complainant charges that the said Dave Brown and Florence Westbrooks were in such confidential relations as that the law presumes that said deed was obtained fraudulently, they not having fully informed the said Emma Brown

and Ben Brown that they were taking deed to their homestead; and that said deed is void as against the complainant, the only heir of the said Emma Brown.

 Mutual mistake of fact in a conveyance may be corrected in equity under the required pleading and upon "clear proof." Parra v. Cooper, 213 Ala. 340, 104 So. 827; Cudd v. Wood, 205 Ala. 682, 89 So. 52; 9 C. J. 1166; 18 C. J. 224–5.

The evidence has been carefully considered and well supports the decree rendered. The attorney representing the mortgagee Warren explained that "The matter was thoroughly discussed and Ben Brown and his wife were not only willing to deed the property to Dave, but were anxious to do so. It seems that they had been unable to pay the interest on these various mortgages that were on the property, and they were threatened with foreclosure. In fact, if I remember correctly, the mortgages had either been advertised or the attorneys had threatened to advertise them for foreclosure." On his cross-examination said witness stated that the grantors received a cash consideration of about $100 ($114) in addition to the assumption of payment of the mortgages on the land, and that "some of this property had been deeded to Emma Brown by Ben Brown, and my recollection is that each of these parties, that is, Ben Brown and Emma Brown, received part of the cash consideration. I was particularly interested in seeing that this transaction was thoroughly understood by these parties, and that the consideration was paid for the reason that I did not want Mr. Warren, who was lending his money on the property, to suffer from any question that might be raised thereafter as to the validity of the title."

This evidence of independent advice and the evidence tending to show material provisions for the grantors by way of their continued residence on the property, the help in their support and maintenance, the payment of taxes, etc., and kindly treatment by the grantees, was a just foundation and basis for the regard and esteem in which the grantees were held by the grantor, and disputes any imputation of undue influence, or that a mutual mistake was made in the conveyance as to the homestead lot. The independent advice and explanation of the facts by Mr. Burns are not shown to have been that colored by an interest in grantees' behalf. The further fact that mutual mistake was or may have been made in employing a description that embraced the "Lucy Bennett lot" or property, as we believe was or probably is the case, does not show mutual mistake as to Emma Brown, now made the subject of this suit. It was natural for the grantors so circumstanced to desire to have the property go to their relatives rather than come into the possession and ownership of third parties by foreclosure.

The statements of witnesses Lard, Bearden, Turner, and Shepherd of contrary declarations, made by Ben or Emma Brown long after the conveyance, are not sufficient to show that a mutual mistake or undue influence affected or vitiated the conveyance executed under the circumstances as stated by Mr. Burns.

The decree of the circuit court is affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.