(136 So. 797)

### BOASBERG v. COOKE.

### 7 Div. 963.

Supreme Court of Alabama.

Oct. 8, 1931.

Frank B. Embry, of Pell City, and Morton Nesmith and C. C. Nesmith, both of Birmingham, for appellant.

M. M. Smith and W. T. Starnes, both of Pell City, W. C. Davis, of Jasper, and Victor Smith and R. B. Evins, both of Birmingham, for appellee.

BOULDIN, J.

Bill by alleged judgment creditor to subject property alleged to have been conveyed in fraud of creditors.

The case involves the same transactions considered by this court in Cooke v. Fenner & Beane, 214 Ala. 558, 108 So. 370, and Cooke v. Wilbanks, ante, p. 312, 135 So. 435.

The bill avers complainant was an existing creditor at the time of such transactions. In the evidence it developed that the original indebtedness upon which the alleged judgment was recovered was created subsequent to the alleged fraudulent transfers. This was a fatal variance. The issues are different. McCrory v. Donald, 192 Ala. 312, 68 So. 306; Manchuria S. S. Co. v. Harry G. Donald & Co., 200 Ala. 638, 77 So. 12.

It may be said also there is a failure of proof of material averments of the bill; averments going to the status of complainant as an existing creditor.

The existence of a judgment as alleged was put in issue by the answer.

A duly certified transcript of the judgment itself, not the certificate made by the clerk for registration in the office of the judge of probate, is the proper evidence of the judgment. Such certificate made and recorded for the purpose of effecting a judgment lien cannot be substituted for the judgment itself, where the issues call for proof of the fact of an existing judgment. Warren v. Jones, 219 Ala. 213, 121 So. 519.

The decree denying relief may be sustained for the above reasons; and we need not consider whether the evidence makes out a case in favor of a subsequent creditor.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.