## NEWELL et al. v. ARMSTRONG.
### 1 Div. 863.

Supreme Court of Alabama.
May 9, 1935.

Adams & Gillmore, of Grove Hill, for appellants.

Granade & Granade, of Chatom, for appellee.

THOMAS, Justice.

The bill seeks reformation and foreclosure of a mortgage by Newell and wife to L. L. Armstrong.

The respondents and the complainant admit in their testimony the mutual mistake in the description of the property in some respects, as corrected in the decree (Parra v. Cooper et al., 213 Ala. 340, 104 So. 827; McKleroy v. Dishman, 225 Ala. 131, 142 So. 41; Webb et al. v. Sprott, 225 Ala. 600, 144 So. 569), and the decree of reformation is supported by the preponderance of the evidence.

 There is no conflict in the evidence that the husband and wife were personally before the acknowledging officer and duly examined and executed the mortgage. Pruett v. First Nat. Bank of Anniston, 229 Ala. 441, 157 So. 846. Under the presumptions that attend certificates of acknowledgments in due form, as these acknowledgments are, and under the testimony of the attesting and certifying notary, we entertain no doubt of a due execution of the mortgage by the parties. Dewberry et al. v. Bank of Standing Rock et al., 227 Ala. 484, 150 So. 463; Metropolitan Life Ins. Co. v. Estes et al., 228 Ala. 582, 155 So. 79.

We are brought to the question of fact of the intention of the parties joining in that conveyance—whether the respective interests of the parties in the several tracts were intended to be conveyed as security for the purchase price of the automobile or moneys to discharge that debt as the obligation of the husband and wife making the purchase of the car.

The decree of the circuit court, to the effect that the voluntary conveyance of the father and mother to the son was executed and recorded in violation of section 8033 of the Code, that the mortgage so executed to L. L. Armstrong be given priority over such voluntary conveyance, and that said conveyance be subordinated to and secondary in all respects to that mortgage and the rights of the mortgage to L. L. Armstrong, finds ample support in the preponderance of the evidence. In fact, one cannot read the testimony of Mr. Newell and not be impressed that such voluntary conveyances were made with specific intent to hinder, delay, or defraud the subsequent creditor in question. The rule as to existing and subsequent creditors has been given frequent expression in our decisions. McCrory et al. v. Donald, 192 Ala. 312, 68 So. 306; Cooke v. Wilbanks, 223 Ala. 312, 135 So. 435, 83 A. L. R. 1441; Boasberg v. Cooke, 223 Ala. 389, 136 So. 797; Love et al. v. First Nat. Bank of Birmingham et al., 228 Ala. 258, 153 So. 189.

 The wife, having duly joined in the conveyance and acknowledged its execution separate and apart from the husband, as provided by statute, and that acknowledgment being properly evidenced by the certificate of the officer having jurisdiction in the premises, she is bound thereby, under the evidence before us as to the only property of the McLemore survey of the town of Millry that the grantors possessed, and substantiated by the fact that the grantors owned no other lands that answered to that description. Karter v. East et al., 220 Ala. 511, 125 So. 655; Metropolitan Life Ins. Co. v. Estes et al., supra.

The description employed in the mortgage was such as was susceptible of being rendered certain and definite by and under the rule of parol testimony, such as was given here. Karter v. East et al., supra; O'Neal v. Seixas, 85 Ala. 80, 4 So. 745; Meyer Bros. v. Mitchell, 75 Ala. 475; Caston et al. v. McCord, 130 Ala. 318, 30 So. 431. Such descriptions in conveyances have been sustained by further proof that the grantor owned and claimed no other lands that answered to the description given, or "in the absence of other

proof that she owned or claimed other lands falling within the description." Webb v. Elyton Land Co., 105 Ala. 471, 18 So. 178, 179; De Jarnette v. McDaniel, 93 Ala. 215, 9 So. 570; Head v. Sanders, 189 Ala. 443, 66 So. 621; Klepac v. Fendley, 222 Ala. 417, 132 So. 619; Doe ex dem. Slaughter et al. v. Roe ex dem. W. M. Carney Mill Co., 221 Ala. 121, 127 So. 671. See, also, Wiley v. Murphree, 228 Ala. 64, 68, 69, 151 So. 869, and authorities defining ambiguities of kind, character, and shadings within the rule of parol evidence in determining intents of the makers of written instruments.

The decree of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.