164 So. 741

**COLLIER et al. v. OGBURN–DAVISON CO., Inc.**

1 Div. 898.

Supreme Court of Alabama.

Dec. 19, 1935.

George A. Sossaman, of Mobile, for appellants.

Wm. J. Young, Dozier & Gray and Jos. C. Sullivan, Jr., all of Mobile, for appellee.

THOMAS, Justice.

The action of the trial court in reforming the mortgage because of a mutual mis-

take in the description of the property inserted therein is assigned as error.

The rules of law that obtain are well established that mutual mistake must be pleaded and shown with great clearness and particularity; the burden of proof being upon the complaint "to make out his case by proof that is clear and convincing—that the intention and agreement he would have substituted in the instrument was that of both parties to such instrument." Parra v. Cooper et al., 213 Ala. 340, 341, 104 So. 827, 828; Amberson et al. v. Patterson et al., 227 Ala. 397, 150 So. 353; McKleroy v. Dishman, 225 Ala. 131, 142 So. 41; Webb et al. v. Sprott, 225 Ala. 600, 144 So. 569; National Union Fire Ins. Co. v. Lassetter et al., 224 Ala. 649, 141 So. 645; West End Sav. Bank v. Goodwin et al., 223 Ala. 185, 135 So. 161; Waller v. Mastin et al., 220 Ala. 479, 125 So. 806; Bennett v. Brown et al., 219 Ala. 414, 122 So. 414; O'Rear v. O'Rear et al., 219 Ala. 419, 122 So. 645; McCaskill et al. v. Toole, 218 Ala. 523, 119 So. 214; Snider et al. v. J. E. Freeman & Co., 214 Ala. 295, 107 So. 815; Burgin et al. v. Sugg, 205 Ala. 664, 89 So. 31; Camper v. Rice, 201 Ala. 579, 78 So. 923.

The instant pleading seeking reformation is averred with clearness and particularity. The proof thereof is within the requirements of the rule, and the intention and agreement of the parties was that the property sought to be substituted by reformation of the mortgage was that of both parties to such instrument; and that by a mistake of the scrivener the wrong property was incorporated in the mortgage as prepared and executed in the first instance by the mortgagor to the complainant-mortgagee.

We think the evidence amply justifies the conclusion reached in the circuit court and incorporated in the decree of reformation made and entered; that is, upon the evidence we are persuaded the result reached by the circuit court in equity is sustained and the burden of proof duly met by complainant-appellee.

The decree of the circuit court is, therefore, affirmed.

Affirmed.

BOULDIN, BROWN, and KNIGHT, JJ., concur.