172 So. 98

## HILL v. HARDING.

### 6 Div. 14.

Supreme Court of Alabama.

Jan. 14, 1937.

Thos. W. Millican, of Cullman, for appellant.

H. E. Mitchell, of Cullman, for appellee.

THOMAS, Justice.

This appeal is from a decree of the circuit court dissolving and vacating the temporary writ of injunction, denying the relief prayed, and dismissing the bill.

The bill, filed in a double aspect, is for reformation for an alleged mutual mistake in the deed of November 25, 1930, by W. D. Harding and wife to Ira Hill; to declare the grantees to the same to have been Ira Hill and Stella Hill; that the wife's interest be declared vested in her children subject to a life estate in her husband; for accounting or satisfaction of the mortgage from Hill and wife to Harding of the same date as the aforesaid deed; that the deed from Hill to Harding be set aside "and decree that same be, and is, null and void and that title to said property remain and be vested in complainant [Hill] and the heirs of Stella Hill, to-wit: Lavon Hill, Melbalee Hill, Don Hill, Milo Hill, Elton Hill, Margie Lou Hill, Lethamae Hill."

There was no demurrer to the bill as a whole, or to the several aspects thereof. City of Birmingham et al. v. Louisville & N. R. Co., 216 Ala. 178, 112 So. 742.

The respondent answered and denied that the sale was made to Stella Hill; denied the allegations of the alleged agreement as to partial payments for the land and mortgage other than those set out in the mortgage; avers "that the complainant failed to make the payments as stipulated in said mortgage, and the complainant deeded the property back to the respondent, but that there was no agreement between the complainant and respondent that he and his children could remain on the property the remainder of their lives. The respondent specifically denies the allegations of paragraph five (5) of the Bill of Complaint, and avers the facts to be that the complainant, Ira Hill, had the deed prepared and executed the same to the respondent, and that there was no agreement between the complainant and respondent as to any life estate for complainant and his children, and that the complainant executed the deed before a Justice of the Peace, and did not rely upon any statements of the respondent; and the respondent specifically denies that he practiced any fraud upon the complainant in procuring said deed, and that the complainant executed the same voluntarily."

The rule that obtains in this jurisdiction governing reformation of written instruments for mutual mistake need not be restated. The burden of proof in such case is upon the complainant to show a mutual mistake by evidence that is clear and convincing—that the intention and agreement he would have substituted in the instrument was that of both parties to such instrument, and was not so incorporated by reason of mutual mistake. Parra v. Cooper et al., 213 Ala. 340, 104 So. 827; Collier et al. v. Ogburn-Davison Co., 231 Ala. 344, 164 So. 741; Newell et al. v. Armstrong, 230 Ala. 367, 161 So. 244. On this phase of the bill the complainant failed to carry the burden of proof.

The whole title was not before the court, if it be conceded that complainant's version of the purchase and conveyance were the facts. Drummond et al. v. Drummond et al., 232 Ala. 401, 168 So. 428; Hodge et al. v. Joy et al., 207 Ala. 198, 92 So. 171; Town of Carbon Hill et al. v. Marks, 204 Ala. 622, 86 So. 903; Lebeck v. Fort Payne Bank et al., 115 Ala. 447, 22 So. 75, 67 Am.St.Rep. 51. The heirs at law of Stella Hill, dying intestate are not made parties to the cause.

The evidence has been carefully considered, and we are of the opinion there was default in the payment of the purchase mortgage; that the mortgagor reconveyed the property to his father-in-law in discharge of his obligation as mortgagee. The evidence further shows that after the reconveyance the relation of the parties was that of landlord and tenant in the ordinary sense; that there was no agreement that the son-in-law or grandchildren of that grantee should have a life estate in the land, or a continued right of domicile thereon.

The decree of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J. and BROWN, and KNIGHT, JJ., concur.