80 So.2d 722

### Nathan WILLIAMS et ux.

### v.

### William F. SCHAEFFER, as Trustee in Bankruptcy.

### 8 Div. 778.

Supreme Court of Alabama.

May 26, 1955.

See also 250 Ala. 16, 68 So.2d 551.

Rains, Rains, Odom & Acee, Wesley W. Acee, Jr., Gadsden, for appellants.

Clark E. Johnson, Jr., Albertville, for appellee.

638

SIMPSON, Justice.

This is an appeal from a decree of the circuit court of Marshall County, in equity, in a proceeding whereby the trustee in bankruptcy seeks to set aside certain conveyances made by the bankrupt to her husband, both respondents in this case, as being in fraud of creditors. The conveyances were of certain real property and store merchandise and equipment. The trial court ruled in favor of the trustee and ordered the conveyances set aside and the respondents have appealed.

It is first contended by appellants that the bill is defective because it is not alleged that the claims of the creditors were allowed in the bankrupt court. Appellants rely on the following in Harrison v. Stuart, 219 Ala. 405, 407, 122 So. 623, 624, where this court said:

"Where, as here, the bill is by a trustee in bankruptcy, it should aver the names of the creditors, the amount of their respective claims, from whom due, that they have been duly proven and allowed as claims in the bankruptcy court, and are still valid and subsisting claims against the bankrupt estate."

That statement, whether regarded as dictum or sound law then, is not the law today, nor was it the law when the bill in this case was filed. The allegations of the bill indicate that the trustee is proceeding under both § 67, sub. d and § 70, sub. e of the Bankruptcy Act, 11 U.S.C.A. §§ 107, sub. d, 110, sub. e. That act now contains provisions that were not in the act when the Harrison case was decided. The pertinent provisions of the Bankruptcy Act read:

"67, sub. d(6). A transfer made or an obligation incurred by a debtor adjudged a bankrupt under this Act, which is fraudulent under this subdivision against creditors of such debtor having claims *provable* under this Act, shall be null and void against the trustee, except as to a bona-fide purchaser, lienor, or obligee for a present fair equivalent value * * *." (Italics supplied.)

"70, sub. e(1). A transfer made or suffered or obligation incurred by a debtor adjudged a bankrupt under this Act which, under any Federal or State law applicable thereto, is fraudulent as against or voidable for any other reason by any creditor of the debtor, having a claim *provable* under this Act, shall be null and void as against the trustee of such debtor." (Italics supplied.)

"63, sub. a. Debts of the bankrupt may be proved and allowed against his estate which are founded upon (1) a fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition by or against him, whether then payable or not, with any interest thereon which would have been recoverable at that date or with a rebate of interest upon such as were not then payable and did not bear interest * * *" 11 U.S.C.A. § 103, sub. a.

Under these provisions there is no necessity for alleging that the claim of the creditor or creditors had been allowed in the bankruptcy proceeding when an action is instituted in a state court. It is only necessary for the bill to show that the claim is a valid, subsisting one, provable in bankruptcy. See 4 Collier, Bankruptcy, p. 488, N. 18, p. 1478, N. 26.

Appellants also argue that error prevailed in the admission in evidence of a certified copy of a creditor's judgment which was rendered against the bankrupt. The judgment appears to be in correct form, duly certified as such by the clerk of the court where it was rendered, and was admissible. §§ 405, 423, 432, Title 7, Code 1940; Boasberg v. Cooke, 223 Ala. 389, 136 So. 797.

It remains only to consider whether or not there was sufficient evidence to sustain the decree holding the conveyances to have been in fraud of creditors. True, the complainant did place the respondents on the stand, and they testified that the wife never really owned the property conveyed to her husband, but that it was deeded to her by mistake, the husband being the true owner thereof. It has been generally stated that a party when placing a witness on the stand vouches for the verity of that witness's testimony, but this does not mean that he is bound by what the witness states. Such an idea has long since departed from our jurisprudence. 3 Wigmore, Evidence, § 897. A vestige of the rule does remain in the doctrine that a party cannot impeach his own witness. Warren v. Gabriel, 51 Ala. 235. But this does not prevent a party from contradicting his witness by other competent evidence. Jebeles-Colias Confectionary Co. v. Booze, 181 Ala. 456, 62 So. 12. Under these guiding principles, in view of the record before us, we think we are forced to the conclusion that the testimony of the respondents, even though they were called as witnesses by the complainant, would not as a matter of law overcome the presumptions existing against the validity of the conveyances and in favor of the case made by the complainant. As to what these presumptions are in a case of this kind see Harrison v. American Agr. Chemical Co., 220 Ala. 695, 127 So. 513. We are precluded from a full review of the evidence. The case was submitted on January 15, 1955, and complainant's Exhibit 5 introduced in evidence was omitted from the transcript. This exhibit was a record of the proceedings taken before the bankrupt court, including the testimony of the respondents in this case. While such evidence may not be admitted to impeach the complainant's own witnesses, it could contain admissions and declarations against interest which would be substantive evidence in the instant case. When the omission of the exhibit from the record was brought to the attention of the appellant, it was later filed ex parte in this court, but this is no part of the record upon which the submission was had and upon which decision might rest. It cannot be considered. The record therefore not containing all the evidence on this strict issue, the court must presume any state of it to sustain the ruling below. Hogg v. Jenifer Iron Co., 215 Ala. 683, 112 So. 207.

We find no error to reverse.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and MAYFIELD, JJ., concur.