293 So.2d 828

**Lenden PUGH**

**v.**

**STATE of Alabama.**

**SC 637.**

Supreme Court of Alabama.

April 25, 1974.

John L. Lawler, Howell, Johnston, Langford & Finkbohner, Mobile, for appellant.

William J. Baxley, Atty. Gen., Mary Lee Stapp, Carol F. Miller, Asst. Attys. Gen., Montgomery and Hugh M. Caffey, Jr., Brewton, for appellee, the State.

MADDOX, Justice.

This is a paternity proceeding. A jury found Lenden Pugh was the father of a child born April 25, 1971, to Faye Braswell. The trial court entered a judgment finding Pugh was the father of the child, and after a hearing on the amount of support which Pugh should be ordered to pay, the trial court decreed that a reasonable amount would be $40 per week. The court also awarded $600 as the reasonable expenses arising out of the pregnancy and confinement. The method of payment was ordered, as follows:

"It is therefore ORDERED, ADJUDGED and DECREED by the Court that Lenden Pugh pay to the Clerk of the Circuit Court of Escambia County, Alabama, during the week of February 5, 1973, the sum of $100.00 with $40.00 of such sum to be weekly child support and $60.00 of such sum to be applied to the deficit found to exist; that following the payment directed to be paid during the week of February 5, 1973, there will remain a deficit in the amount of $4,300.-00. It is ORDERED that commencing within the week of February 5, 1973, and

continuing each week thereafter for 51 consecutive weeks, Lenden Pugh is directed to pay to the Clerk of the Circuit Court of Escambia County, Alabama, the weekly sum of $100.00 with $60.00 of such payment being applied to the deficit of $4,320.00 and $40.00 being applied to weekly child support payments; that during the week of February 4, 1974, the said Lenden Pugh shall pay to the Clerk of the Circuit Court of Escambia County, Alabama, the entire balance of the deficit which will then stand in the amount of $1,240.00 plus the additional sum of $40.00 due as child support; thereafter the said Lenden Pugh will pay the weekly sum of $40.00 to the Clerk of the Circuit Court of Escambia County, Alabama, which such payments to continue during the minority of Charlton Clay Braswell or until such time as this judgment has been modified as provided by law."

■ Pugh argues that the amount awarded is excessive and that the trial judge abused his discretion. We find no merit in this contention.

■ Pugh also argues that the trial court committed reversible error in refusing to allow into evidence a log book or record which he had kept as a truck driver for his employer. He claimed the log book would show that he was not at the place where Faye Braswell testified conception occurred, at the time she testified conception took place. The log book or document is not included as a part of the record on appeal. Consequently, we cannot review the ruling of the trial court. Williams v. Schaeffer, 262 Ala. 636, 80 So.2d 722 (1955). We do note from Pugh's testimony that he was allowed to use his log book to refresh his recollection and to testify that he was not with Faye Braswell during the time of her conception.

Having considered the argued assignments of error, we find no error. The judgment of the trial court is due to be affirmed.

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD and FAULKNER, JJ., concur.