308 So.2d 689

Manervia Browder **LOCKETT**

v.

Lorenzo **COLEMAN** et al.

**SC 812.**

Supreme Court of Alabama.

Dec. 5, 1974.

As Corrected on Denial of Rehearing
Feb. 20, 1975.

Charles S. Conley, Montgomery, for appellant.

Oscar W. Adams, Jr., Birmingham, for appellees Peter Shine, Joshua·Shine, and Sara Brooks.

MADDOX, Justice.

Manervia Browder Lockett, as administratrix of her late sister's estate, appeals from a judgment entered by the Circuit Court of Montgomery County. She principally argues that the trial court erred in

finding that Lorenzo Coleman, the appellee, was the legal husband of her intestate at the time of her death and, therefore, entitled to share in the estate. She also claims the trial court erred in finding that a settlement agreement made between Coleman and other heirs of the estate was valid and binding.

Manervia Lockett was appointed administratrix on February 11, 1971. Sara Brooks, Joshua Shine and Peter Shine, sister and brothers of the deceased, filed claims against the estate in August, 1971. Lorenzo Coleman filed a petition for an accounting and other relief. All of these petitions were presented to the probate court on Montgomery County. While the matter was pending in probate court, the various claimants made a settlement agreement.

On October 6, 1972, the probate court entered an order giving effect to the settlement agreement under which Sara Brooks, Joshua Shine and Peter Shine, were to get $25,000. Coleman was to get $24,000 as settlement in full of his share of the estate.

Other proceedings were had in the probate court which we omit from this opinion. We do note that both the administratrix and Coleman agreed to cancel that portion of the settlement agreement whereby he would get $24,000.

On May 7, 1973, the administratrix filed a petition to remove the estate to the Circuit Court of Montgomery County; the case was removed. In Circuit Court, she asked the court to determine the rights of all parties. The matter was tried in Circuit Court on these issues:

1. Whether the settlement agreement should be upheld as to Sara Brooks, Joshua Shine and Peter Shine.

2. Whether Lorenzo Coleman was the legal husband of the deceased at the time of her death.

The court, after hearing, found:

"WHEREAS, testimony was had in regard to the validity of the agreement heretofore entered into by the parties regarding the claim in the amount of $25,000; and testimony was further taken to determine the validity of the marriage of Lorenzo Coleman to the deceased Aurelia Browder Coleman; and,

"It appearing to the Court from the testimony and evidence presented to the Court that there was a valid and binding agreement of settlement entered into between the estate and its attorney, and the claimants and their attorney, approved by the Probate Court, and there was no fraud, mistake or lack of consent involved therein, and therefore the claimants are entitled to be paid the settlement sum of $25,000.00.

"The Court further finds that the estate, through its attorney, and Lorenzo Coleman, through his attorney, agreed to set aside their settlement of $24,000.00 and this was not a joint settlement with the claimants.

\*   \*   \*   \*   \*   \*

"It further appearing to the court that from the testimony and evidence presented to the Court that Lorenzo Coleman was the legal husband of Aurelia Browder Coleman, deceased, and is entitled to a share of this estate to the extent the law provides a husband under the laws of the State of Alabama; . . ."

■ Did the trial court err in finding that Coleman was the legal husband of Aurelia Browder Coleman at the time of her death? We think not.

Admittedly, there is evidence that Coleman had been married several times. Apparently, he first married one Evelyn McGill on August 17, 1945. He lived with·

her two weeks prior to his shipment overseas for eighteen months. Evelyn McGill gave birth to an illegitimate child on February 19, 1946. Upon his return, Coleman found out that "Evelyn McGill Coleman" had been married to one Ira Crain since June 11, 1936. In November, 1955, Evelyn McGill, i. e. Evelyn Crain, filed a bastardy proceeding against Coleman in which she alleged that she was never married to Coleman.

Coleman later married one Helen Dawkins, but subsequently divorced her. He then married Aurelia Browder, the decedent.

The administratrix argues that Lorenzo Coleman was not legally married to Aurelia Browder Coleman. She claims that Coleman's prior marriage to McGill had not been dissolved. We will not set out the evidence which supports the trial court's finding that Lorenzo Coleman was legally married to Aurelia Browder Coleman at the time of her death. We do set forth some of the legal principles involved to show that we find no error in the court's findings. These principles are:

█ If a marriage is established, it is presumed to be regular and valid. The burden of adducing evidence to the contrary is on the party who attacks it. 55 C.J.S. Marriage § 43c, p. 890; Sloss-Sheffield Steel & Iron Co. v. Alexander, 241 Ala. 476, 3 So.2d 46 (1941). One does not meet this burden by a mere showing that one of the parties was previously married to another. Dorsey v. Dorsey, 259 Ala. 220, 66 So.2d 135 (1953). There is a presumption that the prior marriage has been dissolved by divorce. Jordan v. Copeland, 272 Ala. 336, 131 So.2d 696 (1961). The presumption is rebuttable, of course. Hammond v. Shipp, Ala., 289 So.2d 802 (1974).

█ The trial judge saw and heard the witnesses. Where evidence is heard ore tenus, every presumption will be indulged in favor of the trial court's findings of fact. His findings will not be disturbed unless palpably wrong. 2A Ala.Dig. ☜1008.1(6), Appeal and Error.

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD and FAULKNER, JJ., concur.

ON REHEARING

MADDOX, Justice.

Opinion corrected. Application for rehearing overruled and denied.

HEFLIN, C. J., and MERRILL, JONES and SHORES, JJ., concur.