BOWEN, Judge.
The defendant was indicted and convicted for the murder of James W. Richardson. Alabama Code 1975, Section 13A-6-2. Sentence was ten years’ imprisonment. One issue is raised on appeal.
At trial, two expert witnesses presented by the State gave contradictory opinions on *617 whether the bullet wounds on the body of the deceased were entrance or exit wounds. Dr. John Crispen examined the deceased in the hospital emergency room. He testified at trial that the bullet wound on the front of the body of the deceased was the entrance wound and the wound on the back was the exit wound.
Forensic pathologist Dr. Thomas Gilchrist testified that the entrance wound was in the back and the exit wound was in the front.
The defendant argues that the trial judge erred in permitting the State to present to the jury direct conflicting evidence by two experts.
This issue is fully answered in C. Gamble, McElroy’s Alabama Evidence, Section 165.-01(9) (3rd ed. 1977).
“One must be careful to distinguish between impeachment of a witness and contradiction of him. While one is precluded under the general rule from impeaching his own witness, he is not precluded from contradicting the testimony of his own witness. There is no rule of law which precludes a party from proving the facts of his case or defense by any witness he may call even though the testimonies of his various witnesses concerning a relevant fact may be in conflict with each other. If the plaintiff calls W as his first witness in an automobile collision case, for example, and W testifies that the defendant’s automobile was traveling 10 miles per hour at the time of the collision, this would not be a barrier to other witnesses of plaintiff testifying that defendant’s automobile was traveling at a greater rate of speed, even though the testimony of the other witnesses would incidentally discredit the testimony of W. This hypothetical illustrates contradiction which is allowed as to one’s own witness even though it has the incidental effect of impeaching him.”
“(I)t is exceedingly clear that the party is not precluded (by the rule prohibiting a party from impeaching his own witness) from proving the truth of any particular fact, by other competent testimony, in direct contradiction of his witness, though the collateral effect may be to show that the witness was generally unworthy of belief.” Jebeles-Colias Conf. Co. v. Booze, 181 Ala. 456, 460, 62 So. 12 (1913). “While it is not permissible for a party to discredit his own witness, there is no rule of law which precludes him from giving evidence varying the testimony of a witness introduced by him.” Upson v. Raiford, 29 Ala. 188, 194 (1856). Oates v. Glover, 228 Ala. 656, 658, 154 So. 786 (1924) (Plaintiff called defendant as a witness and defendant’s testimony was “strongly contradictory” of Plaintiff’s). Williams v. Schaffer, 262 Ala. 636, 80 So.2d 722 (1955), where the respondents presented conflicting evidence as to the true ownership of property.
The chief reason for this rule is “the perception that without it one could not prove the facts of his case if the first witness called were to testify untruthfully. From this point of view the discrediting of the witness is regarded as incidental only (because inevitable) to this other and necessary right.” 3A Wigmore, Evidence, Section 908 (Chadbourn Rev. 1970). See also Wigmore at Section 907.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.